Nicholson, C. J.,
delivered the opinion of the court.
Lay sues Boshear in ejectment. After filing his original declaration leave was obtained to file an additional count in the name of Byrd as plaintiff, Lay having deraigned his title to the land in dispute through Byrd. The matter of litigation involved a question of boundary between two overlapping contiguous grants. Plaintiff had a verdict and judgment, and it is not denied but .that the proof was sufficient to support the verdict. But a reversal is insisted on for two errors alleged to have been committed by the presiding Judge.
1. Defendant offered to prove declarations of Byrd as to his disclaimer of title, after he had divested himself of title to the land in dispute. The judge excluded the declarations offered to be given in evi *165 dence. It is insisted this was error, because Byrd was a party plaintiff to the record. Mr. Greenleaf vol. 1, s. 172, says: “This general rule, admitting the declaration of a party to the record, in evidence, applies to all cases where the party has any interest in the suit, whether others are joint parties on the same side , with him or not, and howsoever the interest may appear and whatever may be its relative amount.”
Here it appears that Byrd has no interest in the suit, having divested himself by his conveyance of all title by deed. His name, however, is used as plaintiff by Lay, the interested party, not for the * benefit of Byrd, but for his own benefit.
In such case we hold that the court committed no error in excluding the declaration of Byrd: 1 Green. Ev., s. 172.
2. It appears in the record that in 1846 W. R. Boshear filed his bill in the Chancery Court at Knoxville, against Levi McCarter and David Shurf-man, to have the specific execution of a contract by which McCarter had sold to Boshear a tract of land of seventy-five acres. This contract was evidenced by a bond for title, but there was none but a general and vague description of the land intended to be sold. It appeared, however, in the proof that the seventy-five acres were part of the lands contained in the grants covering the lands involved in this case. Plaintiff purchased and took title to two hundred acres of the land whilst the suit in chancery was pending; and on the trial of this cause, the defendant offered in evidence the record of the Chancery Court for the *166 purpose of showing that plaintiff was estopped from claiming title, as he purchased during the pending of the chancery suit. The Circuit Judge excluded the record because the plaintiff was no party to the chancery suit, and because it did not appear from the bill or answer, or the title bond, that the title to the land involved in that suit was the same involved in this cause. It is now insisted that this ruling of the. Circuit Judge was erroneous.
The principle of Us -pendens is, that the proceedings must be of such character as to point out to all the world the propriety or right affected by them: 2 Kent, 101, (note). In Adams’ Eg., p. 157 (note), it is said: “ The principle of lis pendens is, that the specific property must be so pointed out by the proceedings as to warn the whole world that they meddle with it at their peril.” There is nothing in the case of Shelton v. Johnson, 4 Sneed, 672, in conflict with these authorities. To affect a purchaser with a notice that he is buying property involved in litigation, it must appear from the proceedings so pending that the specific property was so involved. But we have already stated that it would not be seen, either by the reference to the bill or answer, or the title bond, which was the foundation of the litigation, that the title to the land now in controversy was that involved in that chancery case.
We are, therefore, of opinion that there was no error in the ruling of the Circuit Judge.
The judgment below is therefore affirmed.